My name is Kim Pedersen, and I'm representing Miguel Diaz-Odaz, the petitioner in this case. Good morning. Good morning. In this case, the immigration judge did grant relief from removal. It went up on appeal, and the Board of Immigration Appeals vacated that judge's order and entered an order of removal in the first instance. The board also granted voluntary departure in the first instance. In Molina Camacho, on December 20th, I think we asked both sides to address that. In my review of the letter, Braves basically says that I think both you and the government think that if it stands, that it would be dispositive. I see the government's attorney nodding as well. So I guess from that standpoint, you obviously want us to follow it. And I think the government's position was that they think that it's a prior panel that obviously has priority to this panel at this point, but they think they got it wrong. And they're petitioning for rehearing, and I think for en banc review or things along those lines. So I guess with that in mind, you've got your original arguments, and then you've got Molina to say, well, the Ninth Circuit says do this. That's correct, yes. And if Molina stands as being the law of the circuit, then you win, I guess, or you get a remand on the issue of whether only the immigration court can issue this in first instance, correct? That is correct, yes, Your Honor. The only additional procedural fact and additional issue is that the board also granted voluntary departure, which in addition to entering an order of removal is a legal nullity because they do not have that authority. So that would be an additional issue, which is very much along the lines of the finding already in Molina Camacho, but was not part of Molina Camacho. In that case, the board did not grant voluntary departure. Now suppose Molina Camacho is reversed on the en banc review or by the Supreme Court, all right? What's your position then? I do believe this additional procedural fact and voluntary departure grant is an additional issue, which must be addressed because it is different statutes and law than the finding in Molina Camacho, which invalidated the removal order. Voluntary departure comes under the statute. I'm sorry, I'm sorry. Which question is different? The voluntary departure? The voluntary departure issue. The grant by the board in this case, it did not have the authority to enter a voluntary departure order. Why should you complain about that? First of all, the board doesn't have that authority. It lies with the immigration judge, and in part because it's a fact finding. There is a fact finding involved in making that determination. You haven't answered my question. Why should you complain about that? Yes, Your Honor. Secondly, voluntary departure used to be a voluntary departure. You don't want voluntary departure? In some instances, and this is now a fairly new issue, in some instances, voluntary departure does not make sense for a petitioner, and that's a decision they have to make. For example, should they have a family member that would be able to petition them, if you're before the Board of Immigration Appeals, you have a voluntary departure order, you have 90 days to come back into the board for additional application for relief. However, if you overstay a voluntary departure order of 30 days from the board. You're really just beating all around the bush. Do you want voluntary departure or not? That would be a determination by the petitioner, because maybe he would not want it. Are you saying you don't know? Are you saying you don't know whether you want voluntary departure? Well, there's four factual findings, one of which is, is the person able to complain? All I'm asking you is, do you want it or not? You don't know? You can't answer that question? How do you phrase this in your brief? Is the issue whether the BIA, in the first instance, can issue a removal order? Or did you say removal order and voluntary departure? Well, it is part and parcel of that, because it's voluntary departure, and then that becomes a removal order. It's not argued. It's in the procedural history, and it's part of the procedural background. The legal arguments to further support that have not been made in the brief. So you're kind of going off into something that you didn't raise in your brief, right? Well, it's apparent on the face of the record that voluntary departure was granted, and certainly the board does not have that. But isn't it kind of a fundamental rule of appellate practice that we address what you bring to our, what you bring to the plate? You can't bring up things for the first time on appeal and then expect the others. I mean, for the first time at oral argument, and expect the other side to respond and expect us to respond. So I guess what I'm asking you, is this the first time we're hearing this argument? It's procedurally in the briefs. I would raise it in that, should I? No, not whether it's someone, it's contained in the facts, and it is that, was that raised as one of your contentions on appeal? No, just as part and parcel of the order of removal arguments. All right. Well, I think we have to address what you raised. But if Judge Shishima wants to ask further questions on that, I don't want to short circuit that. I say this in response. All I'm trying to find out is what the posture of this case is in the event Molina Camacho doesn't stand. That's all. And this is in response to your query, what would be a difference with Molina Camacho? That's it. I think we have your position on that. It's very much on point with the legal issues and facts of this case. Since this does, do you want to reserve the rest just to see what the government has to say so that you can respond to that? Or do you want to use your time up right now? Thank you. I would like time for rebuttal. And with, yes, thank you, rebuttal. OK. May it please the court. My name is Jason Patil. I represent Respondent, United States Attorney General, John Ashcroft. I would like to focus my argument solely on the remaining differences between our letter brief and the petitioner's letter brief. Since pursuant to this court's request    solely on the remaining differences between our letter brief and the petitioner's letter brief. The majority of issues in the case which no longer need be addressed. In the first respect, the petitioner's letter brief and request differs from the government insofar as they ask that the petition immediately be treated as a habeas position and transferred to district court. And with respect to that first difference, the request for the transfer, the United States agrees that the position is consistent with Melina Camacho. However, in its letter brief, Respondent notified this court that it, at a minimum, intends to seek panel rehearing in Melina Camacho and requests that a decision in the instant case be stayed pending the intended filing and determination of that request for rehearing. Although the intended request for panel rehearing has not yet been finalized and is not due until February the 11th, and its specific contents will be subject to the ultimate approval of the Solicitor General's office and the civil appellate section. At this point, I may represent to you that the Respondent will, at a minimum, contend that at least one error committed by Melina Camacho is the determination that the case be treated as a habeas petition and transferred to federal district court instead of being remanded directly to the administrative agency in order to afford them the opportunity to correct the mistake that exists due to the ruling in Melina Camacho. Well, go ahead. I had a question about that, because even if we followed Melina Camacho, does that mean we have to? It means that the BIA cannot issue it in the first instance. Does part of that decision require us to treat it as a habeas, or is that just something that that court did? I mean, in terms of what you're saying, whether. Is that part of the holding, or we don't know? That is part of the holding in Melina Camacho, or rather, as you point out, there is sort of, I believe, an unexamined assumption that the petition must be treated a habeas petition. No, wait a minute. I don't think it's unexamined. The reason for that, to me, is very clear, because according to that panel, the Court of Appeals has no jurisdiction to review in any way the order of the BIA. So necessarily, it's got to go to the district court. So the district court, if appropriate, and I think obviously that panel thought it was appropriate, could then remand it to the BIA. I mean, how can you remand to the BIA if you have no jurisdiction over the petition? That's the reason it's transferred. So I don't think it was thoughtless or inadvertent, but that's not a question for us to answer, obviously. It's a question for either the in-bank court or that panel to answer. So I don't think it's any use arguing it here. Your Honor, I apologize if my comment was construed that it was thoughtless. Simply that the detail and explanation in Melina Camacho centers on a question of whether or not the board has the authority to issue a removal order in the first instance. There is jurisdiction for this court in this case and in Melina Camacho to consider at a minimum its own jurisdiction and issue a ruling. I know that, but I think it's useless arguing it here because that will be answered by the other panel or by the in-bank court, right? In other words, if Melina Camacho stands, I mean, we're bound by that ruling. I concur, Your Honor. The government's request in this case is simply that the decision be stayed until such time as the panel hearing request be determined. This Court's authority to stay proceedings is well established and grounded in its power to manage its cases on its dockets in order to maximize time and efficiency of the parties. Petitioners' position in their letter brief that this case should be transferred now in order to prevent delay is an argument which would militate against granting a stay. However, in their letter brief at page 3, they also acknowledge that even if there were a transfer to the district court as a habeas petition, the district court would then have to remand the case back to the administrative agency, which means the petitioner's regime would be from the court of appeals to the federal district court to the administrative agency. Whereas, assuming the government were to prevail in panel re-hearing, the route would be from the court of appeals to the administrative agency, obviating the need for the transfer. Because the parties agree that the pertinent factual issues in this case in Molina Camacho are the same, awaiting a determination of panel re-hearing would serve not only the interest of judicial economy of this Court, but also the interest in judicial economy of the courts, the district court, to which this case would otherwise be transferred. Would anybody be prejudiced by a delay? Not in this case, Your Honor. On May 20th of 2004, this court entered a stay of removal, meaning that neither of the alien petitioners are going anywhere and will not be prejudiced in any way. Because there is not a clear indication that there would be more meaningful delay if the stay were granted, the government respectfully requests that the interests of this court and the time of the parties would be better served by staying proceedings temporarily, allowing the request for re-hearing in Molina Camacho to be heard, and then following whatever the ultimate uniform law of the circuit would be. With respect to one issue raised by a petitioner's counsel, which has not been briefed, the argument that the board cannot issue, in the first instance, a grant of voluntary departure, I have not prepared argument on that particular contention, because it is one which is not in the letter brief or in petitioner's brief. But to the extent, as represented by petitioner's counsel, it is the same argument as why the board cannot issue an order of removal in the first instance. Respondent would represent it would also be controlled by the outcome of the government's intended request for panel re-hearing in Molina Camacho. And therefore, that issue, if it need be addressed, could be addressed after a moderate stay to allow Molina Camacho and the intended request for panel re-hearing to be decided. So your position now is that at least, although you haven't had a chance to brief it, it appears that voluntary departure is controlled by the same principle as the order of removal. Is that right? No, Your Honor. To clarify, I said assuming that petitioner's counsel's representation is correct, then it would be. Based on this briefing and the absence of specific authorities cited with respect to voluntary departure, the Respondent is not able at this time to concede the argument that the board erred in the first instance by entering an order of voluntary departure. I don't think you have to address something that's not been raised. I agree with that. And I would think at the very least, if the panel decided to reach that issue or decide that it could reach that issue, you would want to have the opportunity to brief it, wouldn't you? That is correct, Your Honor. That's fair enough. And to conclude, the limited difference between petitioner and Respondent's position at this point is simply our request that you stay your ruling up until the time that the intended request for panel rehearing be decided. And I thank the Court for its time. Thank you. Yes, Your Honors. On the issue of the Ninth Circuit Court jurisdiction, once they find that there is no valid order, they simply don't have the jurisdiction to then exercise its authority to remand it to the board. And so the Ninth Circuit acted very properly in Molina Camacho and very carefully to find that, to examine whether they have jurisdiction, determine that the legal order was not valid. Well, isn't that the argument that's going to be made in the other case? Because either that's going to be, you know, either that's going to control us or it's not. That's correct. And so the Ninth Circuit was very careful in Molina Camacho and has done what's proper, and that is now transfer it to the district court for the district court to remand it. So we would ask that the same remedy be applied in this case. Well, I think what's going to happen is we're going to follow our circuit precedent, whatever that is. Right. And while the government's asking for a stay, at this point there has been no petition for panel rehearing filed in Molina Camacho. So to ask for a stay. Well, you asked for a stay, too, didn't you? Or you're asking us to just do the same. Well, you know, we have a thing that the first case that, you know, the first panel that gets something, you know, gets the first stab at it. And so we don't, you know, at this point, let's just say we didn't agree with it. We don't rush in and decide it another way until that basically runs its course. So I would just ask the court to follow Molina Camacho and transfer this to district court for a remand. The only additional issue is the voluntary departure. Procedurally, that is an additional issue should Molina Camacho be reversed at any point in a petition for a hearing. You can't raise things for the first time. And you can't come into an appellate court and just decide to make an argument that was never brought up in your briefs. I mean, that's standard appellate work. Because you wouldn't want to be surprised that way, nor does, you know, do the appellate rules allow you to do that to someone else. If the court, what Judge Tashima was saying, if the court decided that was something that we needed to reach, that we would allow both parties to supplementally brief that on that, and we would be in contact with you that way.  Thank you very much. And again, thank you so much. Thank you. Just one moment. I have to. All right. What I'm going to do at this point, because that obviously if you, we conference after we hear cases this morning. And so, and if you notice at the end of each case, I say that the matter is submitted. And you've both requested a stay. I'm going to submit the matter at this point. If we decide to stay it after we conference, then we'll notify the parties that we're vacating it and staying it pending the other matter. When you say we both requested a stay, I'm not clear on how we requested a stay. Yeah, you requested and gotten a stay of removal. Oh, yes, a stay of removal. Absolutely. All right. And they're requesting staying. So we're going to submit it at this point that if we decide to stay it pending the decision of the Molina case, then we'll vacate that and we'll indicate to the parties that we're staying it pending the resolution of that. All right, this matter at this time will stand submitted. The court is going to take just a brief recess and we'll be back in just a moment. The court is going to recess for just a couple minutes. The good thing is no matter what happens in the interim, no matter what happens, it applies. And we agree. It's unbelievable. I love it. With the one small thing. No, it's nice. Yeah, that's right. This is James Epstein. We're happy to be here. That's one of my brothers right back there. So I'm going to go talk to him. But thank you. The court will call the next matter on calendar, which is Navarette versus Ashcroft, case number 0274355. That matter is submitted on the briefs.
judges: Bright , Tashima, Callahan